■ WALLY T. McNAB, Respondent, v WILSON MACHINE DIVISION OF WILSON ENGINEERING, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: The sole question presented in the appeal of this personal injury action is whether the Statute of Limitations was tolled by the delivery of a summons to the Sheriff of Erie County in March, 1975, four days before the period of limitations expired, and service on the defendant corporation in Michigan thereafter. CPLR 203 (subd [b], par 5) as it read in 1975 provided that a claim was interposed, for purposes of tolling the statute, when a summons was delivered to the Sheriff in a county in which the defendant resided, was

employed or was doing business, "or, where the defendant is a corporation, in a county in which it may be served". Special Term held that defendant was amenable to process in Erie County because its salesman, one Goldsmith, resided there and he maintained his telephone in the defendant's name in the telephone book. The court therefore held that the corporation was "doing business" in Erie County and that the subsequent service in Michigan on a person authorized to receive service on behalf of the corporation conferred jurisdiction on the court (see CPLR 311). Defendant maintains that inasmuch as there was no person capable of receiving service on behalf of the corporation in Erie County the Statute of Limitations was not tolled by delivery of a summons to the Sheriff. Upon the record, Mr. Goldsmith was the only available person in Erie County and he was not a person capable of receiving service upon the corporation under the provisions of CPLR 311. That being so, the delivery of the summons did not toll the Statute of Limitations (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, § 203, C203:7, pp 117-118). The statute as amended September 1, 1977 now permits delivery to the Sheriff of a county "where the cause of action arose" but that provision may not be applied retroactively to revive plaintiff's cause of action. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Schnepp, JJ.